Anoush Hakimi (State Bar No. 228858)
anoush@handslawgroup.com
Peter Shahriari (State Bar No. 237074)
peter@handslawgroup.com
**H & S LAW GROUP, PLC**
7080 Hollywood Blvd., Suite 804
Los Angeles, California 90028
Telephone: (323) 672 – 8281
Facsimile: (213) 402 – 2170

Attorneys for Plaintiff,
**ANTHONY SMITH**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SMITH,<br><br>          Plaintiff,<br><br>vs.<br><br>3000 West Manchester, LLC, a California Limited Liability Company; and Does 1-10,<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 ET SEQ.; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ.** |

Most Americans will become disabled at some point in their life.

Plaintiff Anthony Smith (hereinafter referred to as "Plaintiff"), complains of 3000 West Manchester, LLC, a California Limited Liability Company, and Does 1-10 (each, individually a "Defendant" and collectively "Defendants") and alleges as follows:

## I.   PARTIES

1. Plaintiff lost his leg. Plaintiff is mobility impaired and depends on a wheelchair to move around. Plaintiff is qualified as being disabled pursuant to 42 USC Section 12102(2)(A), the California Unruh Civil Rights Act, Sections 51, et seq. and 52, et seq., and other statutory laws which protect the rights of "disabled persons". Plaintiff has been issued a blue permanent disability Disabled Person Parking Placard by the State of California. Plaintiff is a California resident with physical disabilities.

2. Defendants 3000 West Manchester, LLC, a California Limited Liability Company; owned the property ("Property") located at 3008 W Manchester Blvd., Inglewood, California 90305 at all relevant times.

3. There is a business establishment on the Property known as "Moby's" (hereinafter "the business").

4. DOES 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principles and/or representatives of Defendants. Plaintiff is unaware of the true names and capacities of Defendants sued herein, as DOES 1 through 10, inclusive, and therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

COMPLAINT FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 ET SEQ.; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ. - 2

5.  Plaintiff alleges that Defendants at all times have been and are relevant to this cause of action, the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, represent partners, subsidiaries, partner companies, and/or joint ventures of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes and alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining defendants.

6.  Plaintiff visited the public accommodations owned and operated by Defendants with the intent to purchase and/or use the goods, services, facilities, privileges, advantages or accommodations operated and/or owned by Defendants.

## II.  JURISDICTION & VENUE

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the American with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. (the "ADA").

8.  Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the ADA.

9.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiffs cause of action arose in this district.

## III.  FACTS

10.  The Property owned by Defendants is a facility which is open to the public and is a business establishment.

COMPLAINT FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 ET SEQ.; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ. - 3

11. Plaintiff alleges that the Property has been newly constructed and/or underwent remodeling, repairs, or alterations since 1992, and that Defendants have failed to comply with California access standards which applied at the time of each new construction and/or alteration or failed to maintain accessible features in operable working condition.

12. Plaintiff visited the Property during the relevant statutory period on four (4) separate occasions in February 2019, June 2019, and August 2019 to patronize the business on the Property.

13. Defendants did not offer persons with disabilities with equivalent facilities, privileges and advantages offered by Defendants to other patrons.

14. Plaintiff encountered barriers (both physical and intangible) that interfered with – and denied – Plaintiff the ability to use and enjoy the goods, services, privileges and accommodations offered at the Property.

15. Parking, walkways, even the very entrance itself are offered for patrons visiting the Property. They are among the facilities, privileges, and advantages offered by Defendants to patrons of the Property.

16. However, these features and more listed before are not for disabled persons. <u>They are inaccessible</u>. None of the parking spaces designated for disabled persons comply with the Americans with Disabilities Act ("ADA"). These facilities also do not comply with the latest California Building Codes ("2010 CBC Code").

17. When Plaintiff visited the Property, he experienced access barriers related to parking, walkways, the entrance, the tables, the other seating, the restrooms and other features enumerated below.

COMPLAINT FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 ET SEQ.; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ. - 4

18. Plaintiff encountered the following barriers at Defendant's Property: Plaintiff cannot travel inside Moby's because of its inaccessible features – there is no accessible seating or way to get around. It is utterly inaccessible.

**VIOLATION of 2010 CBC Section 1118B.1; ADA 4.2.1.** (Lack of clear floor space). The floor space lacked clear width of thirty-two (32) inches at multiple points and thirty-six (36) inches continuously, as is required. Even right upon entering the door, Plaintiff was blocked by booths which only provide a slim opening for people to walk through.

**VIOLATION of 2010 CBC Section 1122B.4; ADA 1991 Code § 4.32.4; ADA 2010 Code § 902.4.1.** (5% accessible seating required). At least 5% of *all* dining seating must meet minimum accessibility standards. This includes all areas/types of dining seating. All the areas were not made at least 5% accessible.

**VIOLATION of 2010 CBC Section 1118B.4.1; ADA 1991 Code § 4.2.2.1; ADA 2010 Code § 604.7**. (Clear Space - Dining Seating). Dining table seating should provide wheelchair accessible seating. Accessible tables must provide clear floor space of 30 inches by 48 inches to accommodate a single stationary wheelchair and occupant.

COMPLAINT FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 ET SEQ.; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ. - 5

**VIOLATION of 2010 CBC Section 1122B.3; ADA 1991 Code § 4.32.3; ADA 2010 Code § 902.4.1.** (Knee Space). Under the tables there must be at least 30 inches wide, 27 inches high and 19 inches clear knee room.

**VIOLATION of 2010 CBC Section 1122B.4; ADA 1991 Code § 4.32.4; ADA 2010 Code § 902.4.1.** (Table Height). The height of tables for accessible use must be between 28 inches and 34 inches from the floor.

**VIOLATION of 2010 CBC Section 1104B.5.4**; (Main Aisle Min. Width). Access to accessible seating spaces must be provided with main aisle of a minimum of 36 inches clear width.

**VIOLATION of 2010 1122B.5; ADA 1991 Code § 7.2; ADA 2010 Code § 904.** (Transaction counters). Plaintiff cannot see what is purchased because the counter is too high. There is no lowered counter for disabled persons in wheelchairs. There was no lowered, 36 inches or less, transaction counter for use by persons seated in a wheelchair. Without a lowered transaction counter, it is difficult for Plaintiff to use the counter to conduct business at the Property.

**VIOLATION of 2010 CBC Section 1133.B.2.6** (Smooth door panel for wheelchair opening). The floor space lacked clear width of thirty-two (32) inches at multiple points and thirty-six (36) inches continuously, as is required. This is true of product displays, areas around the counter, and

COMPLAINT FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 ET SEQ.; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ. - 6

interior paths. Plaintiff cannot get around inside the store, because he is blocked by product displays.

**VIOLATION of 2010 CBC Section 1133B.2.5; ADA 1991 Code § 4.13.11; ADA 2010 Code § 404.2.9.** (Effort to Operate Doors). The door opening force was greater than 5 pounds (22.2 N[1]), making it hard for Plaintiff to get inside.

**VIOLATION of 2010 CBC Code 1120B.2; ADA 2010 section 302.1**. (Path from Parking – Uneven surface) The path of travel from the designated disabled parking space to the entrance has damaged asphalt on the ground which is uneven. There are cracks and uneven surfaces. The surface of the ground within the designated path of travel leading into the entrance. This makes traveling in this area difficult. The path of travel from the designated disabled parking space to the entrance runs into cracks and changes in level greater than 1/2 inch but provides no ramps. These steep changes in level create uneven surfaces. **2010 CBC 1133B.7.4; ADA 2010 section 303.3.**

---

[1] The newton (symbol: N) is the International System of Units (SI) derived unit of force. It is named after Isaac Newton in recognition of his work on classical mechanics, specifically Newton's second law of motion.

**VIOLATION of 2010 CBC Code 1129B.4.1 & 2**. The paint used for the designated accessible parking spaces was faded and cannot be seen. There was no compliant surface signage at the designated disabled parking space. The International Access Symbol was so faded and worn, it cannot be read. 2010 CBC 1129B.4.1. The street surface (pavement) signage was unreadable because the paint has faded.

**VIOLATION of 2010 CBC Code 1129B.1; ADA 2010 section 502.6.** (Sign obscured). The disabled parking space does have a disabled parking sign, however it is obscured from being read because is covered with a tree, making it difficult for Plaintiff, other patrons, and parking enforcement to determine which spaces are intended for the sole use of the disabled.

**VIOLATION of 2010 CBC Code Section 1129B.3; 1991 ADA § 4.6.3; ADA 2010 § 502.2.** (Faded Paint – Accessible Space Lines). The paint used for the designated accessible parking space is so worn and aged, it cannot be seen. This makes it unclear where the actual parking space is. The required width dimensions were not painted as required. This makes it difficult for Plaintiff to park in the designated space.

**VIOLATION of 2010 CBC 1129B.4(5); (Off-Street Unauthorized Parking Sign).** An additional sign must be posted in a conspicuous place at all entrances to off-street parking facilities at Property, or adjacent to and visible from each space. It was not.

COMPLAINT FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 ET SEQ.; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ. - 8

**VIOLATION of 2010 CBC 1129B.4; (Off-Street Unauthorized Parking Sign – Towed Vehicle Information).** The Unauthorized Parking Towed Vehicle sign must state information regarding the tow company and telephone number. This information was not provided.

**VIOLATION of 2010 CBC Code Section 1117B.5.1.2; ADA 2010 § 216.3.** (Directional signage). There is no directional signage showing an accessible path of travel.

19. There is no restroom, or other features listed above, which are designated for disabled persons and none of these features are ADA accessible. There are no alternatives offered to accommodate Plaintiff.

20. Plaintiff personally encountered these barriers.

21. These inaccessible conditions denied Plaintiff full and equal access and caused difficulty, humiliation and frustration.

22. The barriers existed during each of Plaintiff's visits in 2019.

23. Plaintiff alleges that Defendants knew that the architectural barriers prevented access. Plaintiff will prove that Defendants had actual knowledge that the architectural barriers prevented access and that the noncompliance with the ADAAG and Title 24 of the California Building Code regarding accessible features was intentional.

24. Plaintiff intends to return to Defendants public accommodation facilities in the near future. Plaintiff is currently deterred from returning because of the knowledge of barriers to equal access that continue to exist at Defendants'

COMPLAINT FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 ET SEQ.; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ. - 9

facilities that relate to Plaintiff's disabilities.

25. Defendant has failed to maintain in working and useable conditions those features necessary to provide ready access to persons with disabilities.

26. Defendants have the financial resources to remove these barriers without much expense or difficulty in order to make their Property more accessible to their mobility impaired customers. These barriers are readily achievable to remove. The United States Department of Justice has identified that these types of barriers are readily achievable to remove.

27. To date, Defendants refuse to remove these barriers.

28. On information and belief, the Plaintiff alleges that the Defendants' failure to remove these barriers was intentional because the barriers are logical and obvious. During all relevant times Defendants had authority, control and dominion over these conditions and therefore the absence of accessible facilities was not a mishap but rather an intentional act.

29. These barriers to access are described herein without prejudice to Plaintiff citing addition barriers to access after inspection by plaintiff's access agents, pursuant to *Doran v 7-ELEVEN, Inc.* 524 F3d 1034 (9th Cir. 2008) (holding once a plaintiff encounters one barrier at a site, a plaintiff can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered them).

**IV. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. section 12101, et seq.)**

(Against All Defendants)

30. Plaintiff alleges and incorporates by reference each and every

allegation contained in all prior paragraphs of this complaint.

31. Title III of the ADA prohibits discrimination against any person on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases or leases to, operates a place of public accommodation. U.S.C. § 12182(a).

32. Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of Defendant's facility during each visit and each incident of deterred visit.

33. The acts and omissions of Defendants herein are in violation of Plaintiff's rights under the ADA and the regulations under 28 C.F.R. Part 36, *et seq*.

34. Pursuant to the ADA, discrimination is a "failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford goods, services, facilities, privileged, advantages or accommodation to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

35. The ADA prohibits failing to remove structural architectural barriers in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9). Barriers are defined by reference to the ADAAG, found at 28 C.F.R.,

Part 36.

36. In the event removal of any barrier is shown to not be readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

37. Plaintiff alleges that Defendants can easily remove the architectural barriers at their facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers because it was readily achievable to do so. Defendants can afford such costs given they are a fraction of what the Defendants takes in rental profits for such a large and expensive property.

38. In the alternative, if it was not "readily achievable" for Defendants to remove the facilities barriers, the Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

39. On information and belief, the facility was modified after January 26, 1992, mandating access requirements under the ADA.

40. The ADA requires that facilities altered in a manner that affects or could affect its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. §12183(a)(2).

41. Plaintiff alleges that Defendants altered the facility in a manner that violated the ADA and was not readily accessible to physically disabled persons, including Plaintiff, to the maximum extent feasible.

42. The ADA also requires reasonable modification in policies, practices, or procedures when necessary to afford such goods, services, facilities, or

accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

43. Plaintiff alleges that Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the facility when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

44. Plaintiff seeks a finding from this Court that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act for Disable Persons Act.

45. Here the Defendants' failure to make sure that accessible facilities were available and ready to be used by the Plaintiff is a violation of law.

46. Plaintiff would like to continue to frequent Defendants' facility, but Plaintiff has been discriminated against and continues to be discriminated against because of the lack of accessible features.

47. Among the remedies sought, Plaintiff seeks an injunction order requiring compliance with the state and federal access laws for all the access violations that exist at the Property.

### V. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH ACT (Cal. Civ. Code § 51-53.)

(Against All Defendants)

48. Plaintiff repleads and incorporates by reference, as fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

49. California Civil Code § 51 states, in part: All persons within the

jurisdictions of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

50. California Civil Code § 51 also states, in part: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

51. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

52. The Unruh Act also provides that a violation of the ADA, or California state accessibility regulations, is a violation of the Unruh Act. Cal Civ. Code, § 51(f); Arnold v. United Artists Theatre Circuit, Inc., 866 F. Supp. 433, 439 (N.D.Cal.1994).

53. Defendants' above-mentioned acts and omissions have violated the Unruh Act by denying Plaintiff rights to full and equal use of the accommodations, advantages, facilities, privileges and services they offer, on the basis of Plaintiff's disability.

54. Defendants' above-mentioned acts and omissions have also violated the Unruh Act by denying Plaintiff rights to equal access pursuant to the ADA and are liable for damages. (Civ. Code § 51(f), 52(a)).

55. Because violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the Plaintiff, the Defendants are also each responsible for statutory damages, such as a civil penalty. (Civ. Code § 55.56(a)-(c)).

56. Plaintiff was damaged by Defendants' wrongful conduct and seeks

COMPLAINT FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 ET SEQ.; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ. - 14

statutory minimum damages of four thousand dollars ($4,000) for each offense.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans for Disabilities Act and the Unruh Civil Rights Act. Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Person Acts.
2. Damages under the Unruh Civil Rights Act which provides for actual damages and a statutory minimum of $4,000 per each offense.
3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52.

Dated: February 20, 2020     **H & S LAW GROUP, PLC**

By: /s/Peter Shahriari
Peter Shahriari, Esq.
Attorneys for Plaintiff Anthony Smith

COMPLAINT FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 ET SEQ.; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 ET SEQ. - 15